UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:23-cr-468-WFJ-SPF
18 U.S.C. § 1956(h)

PRANAV PATEL

**INDICTMENT**

The Grand Jury changes:

**COUNT ONE**
**(Money Laundering Conspiracy)**

**A.    Introduction**

At times relevant to this Indictment:

1.  PRANAV PATEL, a resident of New Jersey, travelled to Florida to pick up United States (U.S.) currency and gold from fraud victims and transfer the cash and gold to conspirators, who in turn sent the fraud proceeds to other conspirators through interstate financial transactions.

2.  Government-imposter fraud was a type of fraud scheme in which conspirators impersonated U.S. government agents in order to defraud victims by persuading the victims to give conspirators U.S. currency and gold for safekeeping or in order to avoid arrest.

3.  Victim 1 and Victim 2 resided in the Middle District of Florida.

### B. The Conspiracy

4. Beginning on an unknown date, but no later than in or around October 2023, and continuing through at least in or around December 2023, in the Middle District of Florida and elsewhere, the defendant,

PRANAV PATEL,

did knowingly and voluntarily combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit an offense, to wit: knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct, and attempt to conduct, a financial transaction which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### C. Manner and Means of the Conspiracy

5. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

    a. It was part of the conspiracy that the conspirators would and did engage in a government-imposter fraud scheme in which they communicated with victims via phone calls and text messages;

  b. It was further part of the conspiracy that conspirators would and did falsely and fraudulently represent themselves to be U.S. government officials, specifically agents and employees of the U.S. Treasury ("Treasury");

  c. It was further part of the conspiracy that conspirators would and did obtain money from victims by falsely and fraudulently representing that the victims had outstanding warrants or they needed to send money to Treasury agents for safekeeping;

  d. It was further part of the conspiracy that conspirators would and did convince Victim 1 that she had a federal warrant for her arrest and to clear the warrant and avoid arrest she needed to send cash and gold over to Treasury agents;

  e. It was further part of the conspiracy that conspirators would and did convince Victim 2 that her personal financial information had been compromised and she needed to convert her money to cash and gold and provide it to Treasury agents for safekeeping;

  f. It was further part of the conspiracy that conspirators would and did direct and cause the victims to transfer funds via interstate wire transfers and withdraw money in cash;

  g. It was further part of the conspiracy that conspirators would and did direct and cause the victims to convert U.S. currency into gold;

  h. It was further part of the conspiracy that conspirators would and did direct and cause the victims to provide the cash and gold to conspirators, who the victims believed were Treasury agents and employees;

    i.  It was further part of the conspiracy that conspirators would and did cause, and attempt to cause, the interstate transfer of fraud proceeds to conspirators;

    j.  It was further part of the conspiracy that PATEL and/or other conspirators would and did obtain the fraud proceeds from victims and provide them to coconspirators;

    k.  It was further part of the conspiracy that PATEL would and did travel interstate to meet with victims;

    l.  It was further part of the conspiracy that PATEL and/or other conspirators would and did transfer the fraud proceeds to conspirators in the Middle District of Florida and elsewhere, in part to conceal from law enforcement agencies and financial institutions the identities of the victims, the nature of the financial transactions, and the sources of the fraud proceeds;

    m.  It was further part of the conspiracy that conspirators would and did engage in meetings, perform acts, and make statements to promote and achieve the object of the conspiracy and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

  In violation of 18 U.S.C. § 1956(h).

## FORFEITURE

1. The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

2. Upon conviction of a violation of 18 U.S.C. § 1956(h) the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Jennifer L. Peresie
Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

6

FORM OBD-34
December 23

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

PRANAV PATEL

INDICTMENT

Violations: 18 U.S.C. § 1956(h)

A true bill,

_____
Foreperson

Filed in open court this 19th day

of December 2023.

_____
Clerk

Bail $_____

GPO 863 525