UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case No.: 8:23-cr-468-WFJ-SPF

PRANAV PATEL

_____/

**ORDER DENYING MOTION FOR PRETRIAL RELEASE**

Before the Court is defendant Pranav Patel's ("Defendant") Motion to Reopen Detention Hearing and to Set Reasonable Conditions of Pretrial Release ("Motion") (Doc. 73). On December 21, 2023, the Court held a bond hearing during which the Government moved for detention pursuant to 18 U.S.C. § 3142(f)(2). At that time, Defendant did not contest detention. Instead, Defendant reserved on the issue of bond. Consequently, Defendant was ordered detained (Doc. 34).

Defendant moved to reopen his detention hearing. Pursuant to 18 U.S.C. § 3142(f), a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the

community." By his Motion, Defendant presented material information not known during the December 21 hearing, which justified reopening the detention hearing.

The Court conducted the reopened bond hearing on November 21, 2024, during which the Government and Defendant presented further evidence and argument on the issue of bond. Defendant's uncle, Kirit Patel, testified that he was willing to serve as a third-party custodian, provide housing and employment for Defendant in Kentucky, and post a $30,000 cash bond. The Government countered that Defendant lacks ties to the Middle District of Florida, owns a house in India, and could easily get a new passport from a consulate office. The Government also proffered that the Defendant would likely be removed from the United States after serving a sentence, and his co-conspirators would be motivated to help the Defendant flee the country before trial. The Court agrees with the Government. After considering the Government's proffer, Defendant's response, the testimony of Kirit Patel, and the factors listed in 18 U.S.C. 3142(g), the Court finds by a preponderance of evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

Accordingly, Defendant's Motion is **DENIED**. Defendant shall remain committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government,

the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**ORDERED** in Tampa, Florida, this 22nd day of November 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE